**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00176-MR**

| | | |
|---|---|---|
| **ROBERT H. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BRETT A. LEVERTON, et al.,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff applied to proceed in forma pauperis. [Doc. 2; see Doc. 6 (Order Waiving Initial Partial Filing Fee)].

## I.     BACKGROUND

The pro se Plaintiff, an inmate of the State of North Carolina at the Warren Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] He names as Defendants: Brett A. Leverton and Rico Hunt, Warren CI "I/O" employees; Caleb Ammons, Brandon J. Johnson, and David R. Newman, Warren CI PCON employees; and Jaska Hughes Rominger, a

---

[1] According to the North Carolina Department of Adult Corrections (NCDAC) website, the Plaintiff was admitted to NCDAC on December 4, 2015. See https://webapps.doc.state. nc.us/opi/viewoffender.do?method=view&offenderID=1487536&searchOffenderId=1487 536&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last visited March 17, 2023); Fed. R. Evid. 201.

Watauga County Jail (WCJ) captain. [Doc. 1 at 3-4]. The Plaintiff claims that he is being sexually harassed and threatened on a daily basis. [Id. at 3]. He seeks injunctive relief, damages, and court costs. [Id. at 5].

## II.    STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

2

## III.   DISCUSSION

Section 1915(g) of the Prison Litigation Reform Act (PLRA) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint.  See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the).  Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

The Plaintiff has filed at least three prior civil actions that were dismissed under §§ 1915(e)(2) and/or 1915A, including: Johnson v. Thomas, 5:14-cv-117 (W.D.N.C.) (§ 1983 action dismissed for failure to state a claim pursuant to § 1915(e)(2)); Johnson v. LNU, 5:15-cv-135-FDW (W.D.N.C.) (dismissing § 1983 case for failure to state a claim upon which relief can be granted under § 1915A); Johnson v. Greene, 5:15-cv-124-FDW (W.D.N.C.) (same).

The Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury, which he has not done. The Court, therefore, will dismiss Plaintiff's Complaint.[2]

## IV.   CONCLUSION

For the reasons stated herein, the Court will dismiss the Plaintiff's Complaint as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and vacate the Order granting the Plaintiff in forma pauperis status.

**IT IS, THEREFORE, ORDERED** that:

1. The Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account [Doc. 6] is **VACATED**, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. 2] is **DENIED**.

---

[2] The Court notes that, even if the Plaintiff's action were not barred under § 1915(g), the Plaintiff has failed to state a claim for relief in any event. The conduct he complains of is not redressable under 42 U.S.C. § 1983. See Wilson v. United States, 332 F.R.D. 505, 520 (S.D. W. Va. Aug. 19, 2019) (collecting case on proposition that taunting comments, slurs, threats, and other verbal harassment by correctional facility staff, without more, are not actionable under § 1983). His claims against Defendant Rominger, a WCJ captain, appear to be barred by the three-year statute of limitations that applies to § 1983 actions, as the Plaintiff has been in the custody of NCDAC since 2015. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015); N.C.G.S. § 1–52; Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n. 2 (4th Cir. 1991). Claims regarding any incidents that are alleged to have occurred at the Warren CI should be filed in the Eastern District of North Carolina, where the Warren CI and its employees are located. See generally 28 U.S.C. § 1391.

2. The Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHTOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court's Financial Department is respectfully instructed to reimburse the Plaintiff for funds that have been collected for the payment of his filing fee in this case, if any, and the Clerk is respectfully instructed to mail a copy of this Order to the Warren Correctional Institution so that withdrawals from the Plaintiff's inmate account for this case can be terminated.

The Clerk is respectfully instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

**IT IS SO ORDERED**.

Signed: April 3, 2023

Martin Reidinger
Chief United States District Judge